# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| BENJAMIN SAMON MAXWELL, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CV419-018 |
| | ) | |
| JOHN WILCHER, *Sheriff*, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, plaintiff Benjamin Maxell has filed this 42 U.S.C. § 1983 action alleging officers at Chatham County Detention Center (CCDC) utilized unnecessary excessive force on him. *See* Doc. 1. The Court granted Maxwell's request to pursue his case *in forma pauperis* (IFP), doc. 3, and he returned the necessary forms. Docs. 4 & 5. The Court now proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915A, which requires the immediate dismissal of any *pro se* complaint that fails to state at least one actionable claim against a governmental entity or official.[1]

---

[1] Because the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in plaintiff's Complaint are taken as true and construed in the light most favorable to him. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule

On December 23, 2018, Maxwell was involved in an "incident with another inmate" and was handcuffed and led away in leg restraints by CCDC officers. Doc. 1 at 5. He wriggled about and complained that the handcuffs were "cutting" into his wrist and, when Officer Aguilar wrenched the handcuff painfully, Maxwell "threw [his] left shoulder from the pain the handcuffs were causing." *Id*. Apparently perceiving the allegedly-innocent reaction as some type of threat, Officers Aguilar and Bright "rushed [him] to the wall and began strangling [him]." *Id*. Captain Boyles eventually intervened, stopping the strangling, but Officer Aguilar got in another swing, "push[ing] [Maxwell's] head to the wall and bust[ing] [his] lip." *Id*. Maxwell did not notice that his lip was bleeding until some time later, when he was seen by the prison nurse. *Id*. at 6. He seeks $80,000 against Officers Aguilar and Bright, *id*. at 7, and filed a paper grievance naming them on December 27, 2018. *Id*. at 3. At the time of filing this action, he had not "received any feedback from a grievance that's supposed to be answered in 48 hours." *Id*. at 3.

An inmate must exhaust administrative remedies *before* filing a § 1983 action challenging prison conditions. 42 U.S.C. § 1997e(a); *Miller*

---

12(b)(6) dismissal).

2

*v. Pryor*, 315 F. App'x 149, 150 (11th Cir. 2008). Section 1997e(a)'s exhaustion requirement is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Exhaustion is a "pre-condition to suit" that must be enforced even if the available administrative remedies are either "futile or inadequate." *Harris v. Garner*, 190 F.3d 1279, 1285-86 (11th Cir. 1999), *aff'd in part and vacated and remanded on other grounds by Harris v. Garner*, 216 F.3d 970 (2000) (en banc); *see also Jones v. Bock*, 549 U.S. 199, 199-200 (2007) ("There is no question that exhaustion is mandatory under the PLRA").[2] Simply put, if an administrative remedy is "available," it *must* be exhausted. 42 U.S.C. § 1997e(a).

The failure to exhaust is an affirmative defense, however, and inmates are not *required* to specially plead or demonstrate exhaustion in their complaint. *Jones v. Bock*, 549 U.S. 199, 216 (2007). But the normal pleading rules still apply: when it is clear from the face of the Complaint

---

[2] Not only does the PLRA require exhaustion, it "requires proper exhaustion," *Woodford v. Ngo*, 548 U.S. 81, 93 (2006), which means an inmate must "us[e] all steps" in the administrative process, and comply with any administrative "deadlines and other critical procedural rules," before filing a complaint about prison conditions in federal court. *Id*. at 89-91 (citation omitted); *see also Lambert v. United States*, 198 F. App'x 835, 840 (11th Cir. 2006) (proper exhaustion requires filing a grievance "under the terms of and according to the time set by" prison officials). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. *Johnson v. Meadows*, 418 F.3d 1152, 1159 (11th Cir. 2005).

that a prisoner cannot state a claim for relief, dismissal at screening is appropriate. *Cole v. Secretary, Dep't of Corr.*, 451 F. App'x 827, 828 (11th Cir. 2011) ("[A] complaint may be dismissed under § 1915A(b) if lack of exhaustion appears on the face of the complaint."); *see Dollar v. Coweta County Sheriff Office*, 446 F. App'x 248, 251-52 (11th Cir. 2011); *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011). In other words, when a prisoner's Complaint establishes that he has made no effort to exhaust his available administrative remedies, the Court must dismiss the Complaint at screening. *See Okpala v. Drew*, 248 F. App'x 72 (11th Cir. 2007); *Cole v. Ellis*, 2010 WL 5564632, at *3 (N.D. Fla. Dec. 28, 2010); *Rashid v. Liberty County Jail*, 2010 WL 3239241, at *1 n.1 (S.D. Ga. May 3, 2010).

Here, it is apparent from the face of the Complaint both that a grievance procedure is available[3] and that Maxwell failed to exhaust that

---

[3] Even construing Maxwell's Complaint liberally to contend that any failure to exhaust was caused by those remedies' unavailability, *see* doc. 1 at 3 (stating that on the day he filed suit a CCDC officer had told him that "they're probably not going to answer" his grievance); *see also Ross v. Blake*, __ U.S. __, 136 S. Ct. 1850, 1859 (2016) (prisoners need only exhaust those remedies which were available to them), plaintiff has not even hinted at the existence of any exception to the PLRA's procedural bar. *See id.* at 1859-60 (three circumstances can render an administrative remedy, "although officially on the books," unavailable: (1) where the administrative procedure "operates as a simple dead end -- with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) when administrative remedies are so confusing that they are "essentially 'unknowable'"; or (3) where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."). Plaintiff has offered nothing to

4

procedure: he waited a little over a week from submitting his paper grievance (on December 27, 2018) to signing his Complaint (on January 5, 2019). Doc. 1 at 3, 6. No decision — a denial or otherwise — by the prison grievance Committee or Appeals Committee has been made. *Id.* As discussed, exhaustion is mandatory, and there is no discretion to waive this requirement. *Alexander v. Hawk*, 159 F.3d 1321, 1324-26 (11th Cir. 1998). Plaintiff's impatience notwithstanding, the Complaint should be **DISMISSED without prejudice** on nonexhaustion grounds. *See Johnson*, 418 F.3d at 1156.[4]

Meanwhile, it is time for Maxwell to pay his filing fee. Since his PLRA paperwork reflects an average monthly balance of $54.02, doc. 5, he owes an initial partial filing fee of $10.80. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist"). His custodian

---

suggest unavailability but his own impatience and an officer's offhand remark as proof that his grievance will languish in the circular file.

[4] Despite the lack of any apparent basis for viable amendment, plaintiff's opportunity to object to this Report and Recommendation (R&R) within 14 days of service, *see infra*, affords him an opportunity to resuscitate his case. He may also submit a Second Amended Complaint during that period if he believes it would cure the legal defects discussed above. *See Willis v. Darden*, 2012 WL 170163, at * 2 n. 3 (S.D. Ga. Jan. 19, 2012) (citing *Smith v. Stanley*, 2011 WL 1114503, at * 1 (W.D. Mich. Jan. 19, 2011)). To state a claim, however, plaintiff must be able to both plead the requisite elements of his § 1983 claims *and* identify a defendant who is not immune from suit.

(or designee) shall therefore remit $10.80 to the Court and shall set aside and remit 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $400.00 filing fee has been paid in full.

The Clerk is **DIRECTED** to send this Report and Recommendation (R&R) to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event he is transferred to another institution, his present custodian shall forward a copy of this R&R and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections

should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 21st day February, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA