# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

BENJAMIN SAMON MAXWELL, SR., )
                             )
    Plaintiff,                )
v.                            )         CV419-018
                             )
JOHN WILCHER, *Sheriff*, *et al*., )
                             )
    Defendants.               )

## ORDER AND REPORT AND RECOMMENDATION

Benjamin Maxwell, proceeding *pro se* and *in forma pauperis*, has objected to the Court's determination that his 42 U.S.C. § 1983 Complaint was subject to dismissal because he failed to exhaust available administrative remedies. *See* doc. 8 (Report and Recommendation), doc. 9 (Objection). Given that Maxwell has adequately alleged that he has exhausted all available grievance procedures,[1] the Court **VACATES** its

---

[1] The Supreme Court has explained that the Prison Litigation Reform Act's (PLRA) exhaustion requirement, although mandatory, does not require a prisoner to pursue an administrative remedy which, "although officially on the books, is not capable of use to obtain relief." *Ross v. Blake*, ___ U.S. ___, 136 S. Ct. 1850, 1859 (2016). Maxwell contends that his "grievance slot on the facilities [sic] kiosk machine has been full and unable to accept any grievance . . . since 2016." Doc. 9 at 2. Taking his allegation at face value, as the Court must at this stage, he has alleged that the grievance procedure is not "available." As discussed below, that allegation is sufficient to require a response. It does not, however, preclude defendants from asserting any colorable exhaustion-based defense.

recommendation that his Complaint be dismissed. Doc. 9. The Court, therefore, proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915A, which requires the immediate dismissal of any complaint that fails to state at least one actionable claim against a governmental entity or official.[2]

The Eighth Amendment's proscription against cruel and unusual punishment governs the amount of force that prison officials are entitled to use against inmates. *See Campbell v. Sikes*, 169 F.3d 1353, 1374 (11th Cir. 1999). A prisoner must prove both that the prison official's conduct was objectively "sufficiently serious," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), and that the force was used "maliciously and sadistically for the very purpose of causing harm" rather than "a good faith effort to maintain or restore discipline." *Whitley*, 475 U.S. at 320-21; *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (the use of force does not violate the Constitution if it is applied "in a good-faith effort to maintain or restore

---

[2] Because the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in plaintiff's Complaint are taken as true and construed in the light most favorable to him. *Bumpus v. Watts*, 448 F. App'x 3, 4 n. 1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

discipline").[3]

As discussed more fully in the previous Report and Recommendation, Maxwell's Complaint alleges excessive force. *See* doc. 8 at 2. More specifically, he alleges that defendant Officer Agular choked him while he was restrained, "pushed [his] head to the wall [and] bust[ed his] lip . . . ." *Id.* at 5. Officer Bright also "grabbed [his] neck." *Id.* That's enough, at this stage, to allege that those officers subjected him to excessive force.

His claim against defendant Sheriff Wilcher, however, remains deficient. The Complaint is devoid of *any* allegation against Sheriff Wilcher, and § 1983 claims cannot be based upon supervisory or *respondeat superior* liability. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 691 (1978);

---

[3] To determine whether the force was used for the "malicious and sadistic purpose of causing harm" or was applied in good faith, courts consider "the need for the application of force, the relationship between that need and the amount of force used, the extent of injury that the inmate suffered, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of the forceful response." *Hudson*, 503 U.S. at 7; *Fennell v. Gilstrap*, 559 F.3d 1212, 1217 (11th Cir. 2009); *Skelly v. Okaloosa Cty. Bd. of Cty. Comm'rs*, 456 F. App'x 845, 848 (11th Cir. 2012).

The heightened specific-intent requirement of purposeful or knowing conduct for Eighth Amendment excessive force claims is far more stringent than deliberate indifference, often equated with recklessness, that is required for other Eighth Amendment claims. *Hudson*, 503 U.S. at 5-7.

*Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). Simply listing the Sheriff as a defendant on the form Complaint is not sufficient to state a viable claim. *See* doc. 1 at 4 (listing Sheriff Wilcher as a defendant), 5-6 (substantive allegations including no mention of Sheriff Wilcher). Maxwell's claim against Sheriff Wilcher, therefore, should be **DISMISSED**.

In sum, plaintiff's claim against Officers Agular and Bright survives frivolity review. The Clerk is **DIRECTED** to forward a copy of this Order, along with Maxwell's Complaint, to the Marshal for service upon the defendants. His claim against Sheriff Wilcher, however, should be **DISMISSED**.[4] This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and

---

[4] Despite the lack of any apparent basis for viable amendment, plaintiff's opportunity to object to this Report and Recommendation (R&R) within 14 days of service, see *infra*, affords him an opportunity to resuscitate his case. He may also submit an Amended Complaint during that period if he believes it would cure the legal defects discussed above. *See Willis v. Darden*, 2012 WL 170163, at * 2 n.3 (S.D. Ga. Jan. 19, 2012) (citing *Smith v. Stanley*, 2011 WL 1114503, at * 1 (W.D. Mich. Jan. 19, 2011)).

Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 4th day March, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA